# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| MYLEE MYERS *et al.*, on behalf of herself and all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | CASE NO. _____ |
| v. | ) ) | Judge _____ |
| TRG Customer Solutions, Inc. *d/b/a* IBEX Global Solutions, | ) ) ) | COLLECTIVE ACTION JURY TRIAL DEMANDED |
| *Defendant*. | ) | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Mylee Myers ("Plaintiff") brings this lawsuit on behalf of herself and all similarly situated individuals as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against Defendant TRG Customer Solutions, Inc. d/b/a IBEX Global Solutions ("IBEX" or "Defendant"). Plaintiff seeks to recover unpaid wages owed to her and to all other similarly situated employees who have worked at IBEX's call centers in the United States, at any time within the three years before the filing of this lawsuit.

2. IBEX fails to pay its call center workers for all time worked by means of a company-wide and facility-wide policy and practice requiring or suffering or permitting off-the-clock work. Specifically, IBEX requires or suffers or permits its call center workers to perform off-the-clock work activities without pay prior to clocking in at the beginning of their scheduled shifts, during the beginning and end of their unpaid meal breaks, after clocking out at the end of their scheduled shifts, and at various other times during their shifts when they are clocked out for pay purposes. For example, some of this off-the-clock work includes various preparatory work

activities before their paid shifts begin, including, without limitation, activities related to the operation of their computers. Moreover, when the phones crash or call center workers are otherwise logged out of the phones while performing work activities, IBEX does not compensate workers for this time. Through this uniform policy or practice, IBEX deliberately fails to pay its employees for all time worked, including overtime, in willful violation of the FLSA.

3. On behalf of herself and those she seeks to represent, Plaintiff seeks relief for, *inter alia*, unpaid overtime wages, liquidated damages, prejudgment interest, costs, and attorney's fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 *et seq*.

5. Venue for this action properly lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because Defendant conducts business in this judicial district, is subject to the Court's personal jurisdiction, and resides in this district pursuant to 28 U.S.C. § 1391(c)(2).

## PARTIES

6. Plaintiff resides in Steubenville, Jefferson County, Ohio. Plaintiff Myers worked for Defendant as a customer service representative at its Pittsburgh, Pennsylvania call center from about November 2013 through September 2014. Plaintiff worked for Defendant as a supervisor at its Pittsburgh, Pennsylvania call center from September 2014 through June 2015.

7. Defendant TRG Customer Solutions, Inc. is a Delaware Corporation doing business in Columbia, Maury County, Tennessee. Its principal office is located in Washington, D.C.

8. IBEX Global Solutions is a trade name for TRG Customer Solutions, Inc.

9. At all relevant times, IBEX has been regularly engaged in interstate commerce.

10. At all relevant times, IBEX has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

11. At all relevant times, IBEX has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

## FACTS

12. Defendant is a privately held company that currently operates more than 20 call centers across at least seven countries, including the United States. Defendant employs over 15,000 customer service representatives in its call centers.

13. Plaintiff and those employees of Defendant who, like Plaintiff, have worked in Defendant's call centers in the United States, are referred to herein as the "IBEX Call Center Workers."

14. IBEX Call Center Workers spend the majority of their work time on the phone handling calls on behalf of IBEX's clients.

15. Defendant classifies the IBEX Call Center Workers as "non-exempt" under the FLSA and pays them on an hourly basis, plus announced commissions, nondiscretionary bonuses, and/or other payments in the form of goods or facilities rather than cash. These payments constitute payments for hours worked not excluded from the regular rate of pay under the FLSA.

16. Defendant has instructed, required, and/or permitted the IBEX Call Center Workers to perform work "off the clock" without compensation.

17. The timekeeping system employed by Defendant does not capture all the time the IBEX Call Center Workers spend working each day. Specifically, IBEX requires its call center

workers to perform off-the-clock work activities without pay prior to the beginning of their scheduled shift, during the beginning and end of their unpaid meal breaks, after clocking out at the end of their scheduled shifts, and at various other times during their shifts when they are clocked out for pay purposes.

18. Defendant expects and requires the IBEX Call Center Workers to spend as much of their paid time as possible handling calls.

19. IBEX required or suffered or permitted the IBEX Call Center Workers to perform, among other off-the-clock work activities, the following work off the clock without compensation:

(a) arriving several minutes before the scheduled start of their shifts to, among other things, ensure their computers and all computer systems, applications, or programs necessary to handle telephone calls are up and running and that they have read any emails, updates, or training materials to be prepared to handle calls by their scheduled shift start time;

(b) logging out of or closing their computers and certain computer systems, applications, or programs after clocking out for their unpaid meal breaks;

(c) bringing up and logging into their computers and any computer systems, applications, or programs which they closed or logged out of, or which had timed out before clocking back in at the end of their unpaid meal breaks;

(d) logging out of and closing the programs, applications, and systems required for receiving calls and locking or shutting down their computers after clocking out at the end of each shift; and,

(e) performing work at various other times during their shifts while not clocked in for pay purposes.

20. Much of this uncompensated work time was in excess of 40 hours in a week.

21. In addition, Plaintiff and those she seeks to represent have met the requirements to receive the agreed upon commissions, nondiscretionary bonuses, payments in the form of goods or facilities rather than cash, and all other payments for hours worked not excluded from the
4

regular rate of pay under the FLSA.

22. However, Defendant failed to pay and underpaid these commissions, nondiscretionary bonuses, payments in the form of goods or facilities rather than cash, and all other payments for hours worked not excluded from the regular rate of pay under the FLSA, and also failed to include them in calculations of the regular rate of pay.

**I.     Off-the-Clock Pre-Shift Work**

23. Defendant requires and has required IBEX Call Center Workers, including Plaintiff, to be ready to receive calls and process incoming customer service requests at their scheduled start time. In order to be ready to do so by their scheduled start time, the IBEX Call Center Workers, including Plaintiff, arrive at their workstations before their scheduled start times to perform integral and indispensable preparatory tasks, including, without limitation: (a) turning on and/or booting up their computers; (b) starting up various programs, applications, and systems; (c) logging onto various programs, applications, systems; (d) reading emails, updates, and/or training material; and (e) completing other essential tasks.

24. Once Plaintiff and other IBEX Call Center Workers log into their phones, they begin to receive calls, which require the use of certain programs and systems on their computers. If Plaintiff or other IBEX Call Center Workers activate their phones before booting up their computers, starting up various programs and applications, logging into various systems, and completing other essential tasks, then they are unprepared and unable to receive calls or fulfill customer requests.

25. Defendant does not pay the IBEX Call Center Workers for these integral and indispensable pre-shift tasks, which are necessary for the workers' principal activity of assisting customers of Defendant's clients.

26. During her time working for Defendant, Plaintiff Myers estimates that she was

required to arrive approximately 15 – 20 minutes, or more, early each day to perform these integral and indispensable pre-shift tasks—for which she was not paid.

## II. Off-the-Clock Work During Unpaid Meal Periods

27. Defendant required Plaintiff and other IBEX Call Center Workers to log out of and/or close computer programs, applications, and systems and lock or shut down their computers after clocking out for their unpaid meal period.

28. Before clocking back in at the end of the meal period, Plaintiff and the other IBEX Call Center Workers must turn on or log back into their computers and bring up and/or log into the programs, applications, and systems, which they had closed or logged out of at the beginning of their meal period and which had timed out due to inactivity during their meal period.

29. If the IBEX Call Center Workers activate their phones before these programs, applications, and systems are up and running, then they are unprepared and unable to receive calls or fulfill customer requests.

## III. Off-the-Clock Post-Shift Work

30. Defendant required Plaintiff and other IBEX Call Center Workers to perform certain post-call work (*e.g.*, entering customer information), to log out of and close various programs, applications, and systems, and to lock or shut down their computers after clocking out at the end of their shifts.

31. Defendant does not pay the IBEX Call Center Workers for these integral and indispensable post-shift tasks, which are necessary for the workers' principal activity of assisting customers of Defendant's clients.

## IV. Other Off-the-Clock Work

32. Defendant required Plaintiff and other IBEX Call Center Workers to work their

entire shifts. However, throughout the work day, Plaintiff and other IBEX Call Center Workers are often clocked out multiple times for pay purposes, even though they continue to perform work. As a result, they are not paid for time that they worked during their shift.

33. Defendant also requires the IBEX Call Center Workers to perform certain specific work activities while not clocked in, including, but not limited to, clocking out to attend required meetings and training sessions, receiving discipline and coaching, and entering customer data that could not be entered while clocked in for reasons beyond the IBEX Call Center Workers' control (*e.g.*, when the computer system crashed).

34. Finally, some instances in which the IBEX Call Center Workers are clocked out and, as a result not compensated, are for rest periods other than bona fide meal periods that may not be deducted from employees' pay under the FLSA.

**V.    As a result of Defendant's pay and timekeeping policies, Plaintiff and other IBEX Call Center Workers have worked overtime hours for which Defendant has failed to pay them.**

35. During her time working at IBEX, Plaintiff Myers was generally scheduled to work for 40 hours or more per week. However, because of Defendant's pay and timekeeping practices, as described above, she actually worked more than these scheduled hours each week. Plaintiff Myers estimates that she worked more than 100 to 150 minutes each week (20 to 30 minutes or more per day) for which Defendant did not pay her. This off the clock work would result in overtime in any work week in which she worked five full days, which she estimates was at least half of all of her shifts worked. Thus, Plaintiff, and all other similarly situated employees, regularly worked overtime hours without being compensated at time and a half of their regular hourly rate for all of her hours above forty in a week.

36. As a result of Defendant's failure to pay Plaintiff and those she seeks to represent

7

for the work described above, Defendant has failed to compensate Plaintiff and those similarly situated for all time worked, including hours worked over 40 in a week.

37. Defendant's failure to pay all wages earned, including overtime compensation, due to the IBEX Call Center Workers is ongoing and willful.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following putative plaintiffs:

> All current and former hourly-paid, FLSA non-exempt call center workers at Defendant's United States call centers who at any time from June 1, 2014 through the present have worked in positions in which employees handle telephone calls on behalf of IBEX clients (for example, AT&T, Apple, DirecTV, etc.), including without limitation current and former employees who provide or provided customer service and/or technical support.

(the "Collective Class").

39. Specifically excluded from this definition is any employee who both received notice and opted into the nationwide class and collective action previously filed in Middle District of Tennessee as Case No. 1:14-cv-00135, *Andrews et al. v. TRG Customer Solutions, Inc.*, and which, as of June 1, 2017 is proceeding in collective arbitration.

40. Plaintiff seeks to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

41. Plaintiff and the Collective Class are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant employed a uniform timekeeping system nationwide that resulted in a failure to pay the Collective Class for all hours worked, as mandated by the FLSA.

42. All, or virtually all, of the legal and factual issues that will arise in litigating the

8

collective claims are common to Plaintiff and the Collective Class. These issues include (1) whether and to what extent Defendant did not pay for all hours worked, (2) whether and to what extent these unpaid hours include hours worked over 40 in a week, and (3) whether and to what extent such overtime hours were compensated at one and one-half times the regular rate of pay.

## CAUSE OF ACTION

## COUNT I – FLSA Overtime Violation

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Plaintiff brings this claim on behalf of herself and the Collective Class, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45. At all times material to the allegations herein, Plaintiff and the Collective Class have been employees entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

46. Defendant is an employer covered by the FLSA.

47. Plaintiff and the Collective Class are or were victims of a common, company-wide compensation policy that fails to record and compensate all time worked by call center employees.

48. The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

49. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over 40 in a week. 29 U.S.C. § 207.

50. Some of the uncompensated time at issue is time worked in excess of 40 hours per

week.

51.     The regular rate used to calculate the overtime rate of pay must include all compensation paid for hours worked, including, but not limited to commissions, nondiscretionary bonuses, payments in the form of goods or facilities rather than cash, and other payments not excluded under the FLSA. *See* 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *see also, e.g.*, 29 C.F.R. §§ 778.116, 778.117, 778.208.

52.     In addition to hourly pay, Defendant pays Plaintiff and the Collective Class certain commissions, nondiscretionary bonuses, non-cash payments, and other payments.

53.     Defendant does not include these additional payments when calculating the regular rate of pay for Plaintiff and the Collective Class for purposes of determining their overtime rate of pay.

54.     As a result, Defendant pays Plaintiff and the Collective Class at a lower overtime rate of pay than the rate they are entitled under the FLSA to receive.

55.     Plaintiff and the Collective Class are or were victims of a common, company-wide compensation policy that fails to pay them at one and one-half times their regular rate of pay for all hours over 40 in a workweek.

56.     In violation of the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A.      An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b) to all potential members of the Collective Class;

C.      A judgment against Defendant and in favor of Plaintiff and those she seeks to represent, for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

D.      Prejudgment interest to the fullest extent permitted under the law;

E.      Liquidated damages to the fullest extent permitted under the FLSA;

F.      Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the law; and,

G.      Such other and further relief as this Court deems just and proper in equity and under the law.

## JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Dated: June 1, 2017                                     Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**SETH M. HYATT (No. 31171)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com
jfrank@barrettjohnston.com

**CHARLES P. YEZBAK, III**
YEZBAK LAW OFFICES
2002 Richard Jones Road, Suite B-200

Nashville, TN 37215
Telephone: (615) 250-2000
yezbak@yezbaklaw.com

**JOHN L. MAYS (GA. BAR NO. 986574)**
MAYS & KERR LLC
235 Peachtree Street NE
North Tower, Suite 202
Atlanta, GA 30303
Telephone: (404) 410-7998
Facsimile: (404) 855-4066
john@maysandkerr.com

*Attorneys for Plaintiffs*