# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

MYLEE MYERS, individually and on )
behalf of all others similarly situated, )
                                      )
      Plaintiff, )
                                      )
v. )           **Case No. 1:17-cv-00052**
                                      )           **Judge Aleta A. Trauger**
TRG CUSTOMER SOLUTIONS, INC. )
d/b/a IBEX GLOBAL SOLUTIONS, )
                                      )
      Defendant. )

## MEMORANDUM & ORDER

Before the court are (1) Plaintiff's Motion for Entry of an Order Tolling the Statute of Limitations for Opt-In Plaintiffs ("Motion to Toll") (Doc. No. 72); (2) Plaintiff's Motion to Stay Action Pending Arbitration, and Renewed Motion for Entry of an Order Tolling the Statute of Limitations for Opt-In Plaintiffs ("Motion to Stay" and "Renewed Motion to Toll") (Doc. No. 77); and (3) Defendant's Renewed Motion to Dismiss the Action (Doc. No. 79).

The motions have been fully briefed and are ripe for review. For the reasons set forth herein, the plaintiff's Motion to Toll (Doc. No. 72) and Renewed Motion to Toll (Doc. No. 77) are **DENIED WITHOUT PREJUDICE**; (2) the plaintiff's Motion to Stay (Doc. No. 77) is **GRANTED**; and (3) the defendant's Renewed Motion to Dismiss (Doc. No. 79) is **DENIED**.

## I.    Procedural Background

Plaintiff Mylee Myers filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, individually and on behalf of all similarly situated current and former employees of the defendant, TRG Customer Solutions, Inc., doing business as IBEX Global Solutions ("IBEX"), seeking to recover unpaid wages owed to her and similarly situated employees who have worked at IBEX's call centers in the United States. During the pendency of

her Motion for Conditional Certification and for the Issuance of Court-Supervised Notice to members of the conditionally certified class (Doc. No. 8), several putative collective-action plaintiffs filed Notices of Consent to Become Party Plaintiffs. (Doc. Nos. 13-1, 17-1, 23-1, 24-1, 43-1, 46-1, 51-1, 52-1.) In addition, IBEX filed a Motion to Compel Arbitration and to Dismiss the Action, alleging the existence of a valid and enforceable arbitration agreement that required individual arbitration of the claims asserted in Myers' Complaint. (Doc. No. 57.)

On November 15, 2017, this court entered an Order (Doc. No. 75) denying without prejudice Myers' Motion for Conditional Certification and the Issuance of Court-Supervised Notice (Doc. No. 8) and granting IBEX's Motion to Compel Arbitration. However, the court denied without prejudice that portion of IBEX's motion seeking dismissal of this case in its entirety. In the same Order, the court granted the plaintiff thirty days within which to file a motion to amend the Complaint to substitute appropriate named plaintiffs from among the current opt-in plaintiffs. In addition, the court invited the defendant to renew its motion to dismiss in the event that no motion to amend was filed within that time frame. (Doc. No. 75.)

The plaintiff has now confirmed that she does not intend to file a motion to amend the Complaint, effectively conceding that all opt-in plaintiffs signed arbitration agreements similar to Myers'. The defendant, accordingly, renews its request that this action be dismissed rather than stayed pending arbitration. The plaintiff requests that the matter be stayed instead of being dismissed. She also moves for an order tolling the statute of limitations for all opt-in plaintiffs as of the dates they filed their opt-in consent notices, regardless of whether they subsequently choose to pursue their claims in arbitration.

## II.     Plaintiff's Motion to Stay and Defendant's Motion to Dismiss

The Federal Arbitration Act (FAA) provides that,

[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3. In other words, a court generally should stay an action being referred to arbitration—rather than dismiss it—but, as the Sixth Circuit has recognized, only if three conditions are met: "First, the issue [being referred] must be arbitrable. Second, one of the parties must apply for a stay. Third, the party requesting the stay cannot be in default in proceeding with the arbitration." *Hilton v. Midland Funding, LLC*, 687 F. App'x 515, 518 (6th Cir. 2017). In apparent recognition that § 3 implies a situation in which one or more—but not all—issues raised in an action are arbitrable, the appellate court has also acknowledged that, when *all* claims and issues are subject to mandatory arbitration, courts may dismiss the action rather than stay it. *See, e.g.*, *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014) ("[W]here there is nothing for the district court to do but execute the judgment, dismissal is appropriate." (internal quotation marks and citation omitted)).

In its Renewed Motion to Dismiss, the defendant argues that, because all claims against IBEX asserted in the Complaint are subject to arbitration, dismissal rather than a stay is appropriate. In response, the plaintiff argues that it is within the court's discretion whether to dismiss or stay, under the circumstances presented here, and that a stay is appropriate in this case for two reasons. First, she argues, the United States Supreme Court is likely to issue a decision within the next few months resolving the circuit split on the central question governing the enforceability of the plaintiff's arbitration agreement—that is, whether a collective action waiver in the context of FLSA claims violates the National Labor Relations Act and is, on that basis, unenforceable. And second, the plaintiff asserts that the claims she and the opt-in plaintiffs have raised in this case are related to the claims asserted in two related pending cases: *Andrews, et al.*

*v. TRG Customer Solutions, Inc., d/b/a IBEX Global Solutions*, No. 1:14-cv-135 (M.D. Tenn.); and *Cronk, et al. v. TRG Customer Solutions, Inc., d/b/a IBEX Global Solutions*, No. 1:17-cv-59 (M.D. Tenn.). *Andrews* is stayed pending the collective arbitration of the claims of more than 3,600 opt-in plaintiffs, while *Cronk* is pending before this court in a posture virtually identical to that of this case. The plaintiff here argues that this case should be stayed pending arbitration to permit the court to "best exercise [its] management and oversight role over these related cases." (Doc. No. 81, at 3.)

The court will exercise its discretion to stay this matter rather than dismiss it pending arbitration, in light of appeals pending before both the Sixth Circuit and the Supreme Court, the resolution of which should definitively resolve the question of whether the waiver of the ability to bring a collective action like the one at issue here is enforceable. Accordingly, that portion of the plaintiff's motion seeking a stay will be granted (Doc. No. 77), and the defendant's Renewed Motion to Dismiss (Doc. No. 79) will be denied.

## III.    Plaintiff's Motion for Equitable Tolling

The FLSA incorporates a two-year statute of limitations (three years for actions "arising out of a willful violation" of the statute) running from the date of accrual until the date an action "commence[s]." 29 U.S.C. § 255. An FLSA action is "commenced in the case of any individual claimant," for purposes of tolling the running of the statute of limitations, on the date when any individual opt-in claimant files a consent form to become a party plaintiff in an FLSA collective action. 29 U.S.C. § 256(b). The question raised is whether the opt-in plaintiffs are protected by the filing of their opt-in notices in this case, when the named plaintiff's claims have been referred to arbitration and the opt-in plaintiffs likely will voluntarily pursue arbitration.

The plaintiff argues that "a possible change in forum to individual arbitration . . . risks creating ambiguity regarding the date that the statute of limitations on the [opt-in] Plaintiffs'

claims are tolled." (Doc. No. 73.) She requests that this court dispel the possibility of any such ambiguity by entering an Order expressly finding and holding that the statute of limitations for any opt-in plaintiffs who pursue individual arbitration in the wake of the court's Order granting the defendant's Motion to Compel Arbitration remains tolled from the date they filed their opt-in notices. In her renewed Motion to Toll (Doc. No. 77), the plaintiff clarifies that she does not seek "equitable" tolling but a legal finding that the statute of limitations ceases to run on a plaintiff's FLSA claims upon the filing of an opt-in notice, 29 U.S.C. §§ 255 & 256, and that "a simple change of forum" from district court to arbitration should not result in a loss of the benefit incurred by the commencement of the action in district court.

In response, the defendant argues that (1) a dismissal without prejudice places the parties back in the same position in which they started, as if the lawsuit had never been filed; (2) the question of whether the statute of limitations stopped running, and remains tolled, from the date the opt-in notices were filed is a question for the arbitrator in the first instance; and (3) the plaintiff offers no legal support for her proposition that this court should order that the statute of limitations has been tolled by the filing of opt-in notices. It insists that the opt-in plaintiffs "are not entitled to special protection because all of them either (1) now concede that they must pursue their claims in arbitration; or (2) refuse to be a named plaintiff in this action" and, therefore, that "[t]he running of the statute of limitations is the natural consequence of Plaintiffs' failure to maintain this action." (Doc. No. 78, at 5.)

In fact, neither party presents the court with binding precedent or persuasive authority relevant to the issue presented here. The court nonetheless finds that the plaintiff's Motion to Toll and Renewed Motion to Toll should be denied. The court agrees with the defendant that the questions of when the statute of limitations begins to run for any individual claimant and whether the limitations period should be tolled are matters that must be addressed in the first instance by

the arbitrator.

The arbitration agreement at issue here expressly pertains to "any disputes arising out of [the employee's] employment or termination of employment," including, but not limited to, "any claims covered by . . . the FLSA." (Doc. No. 27-6, at 4.) The agreement further provides that

> "[a]ll disputes will be resolved by a single Arbitrator selected from a list provided by AAA pursuant to AAA rules. The Arbitrator has the authority to rule on any motion regarding discovery or the pleadings, including motions to dismiss and for summary judgment, and, in doing so, shall apply the standards set forth in the Federal Rules of Civil Procedure, and to order any and all equitable or legal relief which a party could obtain from a court of competent jurisdiction on the basis of the claims made in the dispute.

(*Id.* at 2.) Clauses of this breadth have regularly been held to require the arbitrator, rather than the court, to rule on such matters as the application and tolling of the statute of limitations. *See, e.g.*, *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) ("[I]n the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, *i.e.*, whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." (quoting Revised Uniform Arbitration Act of 2000 § 6 cmt. 2, available online at http://www.uniformlaws.org/Act.aspx?title=Arbitration%20Act%20(2000)); *see also id.* (applying the same principle to the case before it, holding that the interpretation of a time-limit provision in the NASD rules "was a matter presumptively for the arbitrator, not for the judge" (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) (finding a presumption under the FAA that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability")); *Smith v. Dean Witter Reynolds, Inc.*, No. 02-6158, 2004 WL 1859623, at \*3 (6th Cir. Aug. 18, 2004) (holding under *Howsam* that the arbitrator should decide whether the limitations period in NYSE Rule 603, which applied to the arbitration, should be tolled); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109 (11th Cir. 2004)

("Generally speaking, courts are empowered to resolve disputes that solely involve whether a particular claim should be resolved in court or arbitration. Arbitrators, [on] the other hand, are empowered, absent an agreement to the contrary, to resolve disputes over whether a particular claim may be successfully litigated anywhere at all (due to concerns such as statute of limitations, laches, justiciability, etc.), or has any substantive merit whatsoever."); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991) (holding that the district court erred in dismissing claim as time-barred, because "it is up to the arbitrators, not the court, to decide the validity of time-bar defenses").

The arbitration clause here is sufficiently broad to grant the arbitrator, rather than the court, the authority both to apply the statute of limitations and to determine whether it should be tolled in any particular case.

## IV.    Order

For the reasons set forth herein, the plaintiff's Motion to Toll (Doc. No. 72) and Renewed Motion to Toll (Doc. No. 77) are **DENIED WITHOUT PREJUDICE** to the parties' ability to litigate the issue in arbitration.

Myers' Motion to Stay (Doc. No. 77) is **GRANTED**, and IBEX's Renewed Motion to Dismiss (Doc. No. 79) is **DENIED**. This matter is **STAYED PENDING ARBITRATION**. The Clerk is **DIRECTED** to **CLOSE** this file administratively, subject to reopening upon application by the parties.

It is so **ORDERED**.

ENTER this 5th day of February 2018.

_____

ALETA A. TRAUGER
United States District Judge